IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| HOWARD LEE BARNES, a.k.a. Professor Ali-Hamza | § § § § § § § § § § § § § | |
| Petitioner, | | |
| v. | | 2:04-CV-0342 |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | | |
| Respondent. | | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner HOWARD LEE BARNES, a.k.a. Professor Ali-Hamza, a state prisoner, has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the result of a state prison disciplinary proceeding and the resultant loss of previously accrued good time credits. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

On July 6, 1993, petitioner was convicted of the offense of burglary of a vehicle, repeat offender, in the 258th Judicial District Court of Jefferson County, Texas, and sentenced to twenty

(20) years imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division.  Further details of petitioner's holding conviction are not necessary for a resolution of the instant case.

On or about October 6, 2004, petitioner was accused, in Disciplinary Case No. 20050039854 with the offense of failure to obey an order.  Specifically, it appears petitioner was alleged to have been standing at the door of his cell, yelling, and refused to cease when ordered to do so.  After a disciplinary hearing, a Hearing Officer found petitioner guilty of the charged offense and assessed punishment to include, as relevant here, the loss of thirty (30) days previously accrued good time credits.  Following the guilty finding in the disciplinary proceeding, petitioner filed a Step 1 grievance arguing the charging officer "falsely wrote [him] up."  On October 21, 2004, after a review of all related investigative documentation, petitioner's grievance was denied with the findings that the case was presented to a fair and impartial hearing officer, that based on the evidence presented a guilty verdict was appropriate, that there were no procedural errors noted, and that the punishment assessed was within the guidelines.  Petitioner also filed a Step 2 grievance wherein he again argued the disciplinary charges against him were false, as well as arguing the charges against him were racially motivated because six (6) black inmates were accused of continuing to yell despite orders to cease, while only two (2) white inmates were so accused, and arguing an incomplete investigation was conducted.  Petitioner's Step 2 grievance was denied November 19, 2004 with the following findings:

> Minor disciplinary case #20050039354 has been reviewed.  The disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence.  The elements of the offense were met.  There was nothing to indicate staff submitted false statements or reports.  No investigation deficiency was noted.  All due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer was within agency

guidelines.

## II.
## GROUNDS

Although not entirely clear from his pleading, petitioner does not appear to allege prison officials violated his procedural due process rights in the disciplinary proceeding. Instead, petitioner seems to allege only that he was not guilty of the offense of failing to obey an order because he was asleep, and that the accusing officer falsified the disciplinary charges against him. Petitioner appears to request this Court "overturn the false disciplinary case," restore petitioner's good conduct time and line class, and order respondent to "pay [petitioner] for his suffering."

## III.
## MERITS

Federal habeas relief cannot be had "absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (internal quotations and citation omitted). The Due Process Clause of the United States Constitution does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. *Sandin v. Conner*, 515 U.S. 472, 478 (1995).

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the court held that while disciplinary proceedings are not part

of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions which are required.  Those are: (1) advance written notice of the charges; (2) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action; and (3) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals.  *Wolff*, 418 U.S. at 563-566.

In addressing these type of cases, the Fifth Circuit has declared that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).  Further, as long as there is "any evidence at all" to support the disciplinary hearing officer's findings, the result of the hearing will be upheld.  *Smith v. Rabalais,* 659 F.2d 539, 545 (5th Cir. 1981), *cert. denied,* 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1982).

Petitioner does not argue he was denied any of the procedural protections outlined above. Instead, he appears only to argue the accusations made against him by the charging officer are false.  As petitioner has not alleged he was not afforded due process protection in the disciplinary proceeding, petitioner has failed to state a claim upon which habeas corpus relief can be granted.  Further, petitioner has not submitted any evidence, other than his own conclusory statements, to demonstrate the disciplinary charges brought against him were false. Moreover, the hearing officer was the determiner of the credibility of the witnesses and of the evidence presented, and petitioner has presented no allegation that the hearing officer's credibility determination was not supportable or was an abuse of discretion.

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner HOWARD LEE BARNES, a/k/a Professor Ali-Hamza, be DENIED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 19th day of April 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).